IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROBERT JOSEPH NEWCOMB, JR.**, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>**STATE OF OREGON**, <br><br>　　　　　Defendant. | Case No. 3:25-cv-00451-IM <br><br> **OPINION AND ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |

Robert Joseph Newcomb, Jr., Clackamas, OR 97015. Pro se.

**IMMERGUT, District Judge.**

　　Before this Court is Plaintiff Robert Joseph Newcomb's Application to Proceed In Forma Pauperis, ECF 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. This Court thus grants Plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). However, this Court also dismisses Plaintiff's Complaint without leave to amend because it fails to state a claim on which relief may be granted. *See id.* § 1915(e)(2).

PAGE 1 – OPINION & ORDER DISMISSING COMPLAINT

## LEGAL STANDARDS

A complaint filed IFP may be dismissed at any time, including before service of process, if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that sua sponte dismissals under § 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (noting that § 1915(e) applies to all IFP complaints, not just those filed by prisoners). A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Ozim v. City & Cnty. of S.F.*, No. 21-15099, 2021 WL 5412457, at *1 (9th Cir. Nov. 19, 2021). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that a defendant violated a plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts must, however, construe pro se filings liberally. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se litigant will be given leave to amend his complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).

PAGE 2 – OPINION & ORDER DISMISSING COMPLAINT

## BACKGROUND[1]

Plaintiff is a defendant in a criminal case in Multnomah County Circuit Court that has been pending since November 2023. Complaint ("Compl."), ECF 2 at 6. That month, Plaintiff was cited for two class C felonies: Unauthorized Use of a Vehicle in violation of O.R.S. 164.135 and Possession of a Stolen Vehicle in violation of O.R.S. 819.300. *Id.*; Docket, *State v. Newcomb*, No. 23CR57456 (Multnomah Cnty. Cir. Ct. filed Nov. 27, 2023) ("Circuit Ct. Docket"). Plaintiff has not been arraigned. Compl., ECF 2 at 6. Plaintiff failed to appear at arraignments set for December 2023, February 2024, June 2024, and February 2025. Circuit Ct. Docket. Plaintiff "do[es] not deny being unable to appear in the hearings [he] was summoned to." Compl., ECF 2 at 7. Plaintiff alleges that he was unable to appear at these hearing because he was hospitalized for emergency surgery, suffering from an infection, or in recovery. *Id.* at 8. Plaintiff alleges that the government "has continued to set court dates that are too frequent" and disruptive to his life. *Id.*

Plaintiff did appear for arraignment hearings in April 2024, February 2025, and March 2025. Circuit Ct. Docket. Each time, Plaintiff was assigned an arraignment attorney who verbally moved for dismissal, the prosecutor objected, and the judge denied the motion and set a future arraignment date. Compl., ECF 2 at 10–11.

Plaintiff alleges that he does not have representation for his criminal charges. *Id.* at 6–7. Plaintiff states that he has qualified for a public defender but none has been appointed. *Id.* at 10.

---

[1] The following facts are taken from Plaintiff's Complaint. This Court also takes judicial notice of the Multnomah County Circuit Court docket for Plaintiff's criminal case, including Plaintiff's citation, failures to appear, and hearing dates. *See* Fed. R. Evid. 201; *Lee v. City of L.A.*, 250 F.3d 668, 689–90 (9th Cir. 2001) (holding courts can take judicial notice of undisputed matters of public record).

Plaintiff alleges that if he had counsel, it would have been easier to communicate with the government. *Id.* at 9.

Plaintiff states that he is without information about the charges and so he is unable to defend his innocence. *Id.* at 9. Plaintiff has requested discovery but not received a response. *Id.* at 11.

Plaintiff filed his Complaint on March 17, 2025. ECF 2. He requests that this Court remove his state court action to federal court and dismiss the charges with prejudice for violations of several of his Sixth Amendment rights, as well as his Fourteenth Amendment rights to due process and equal protection. *Id.* at 12.

## DISCUSSION

This Court first addresses Plaintiff's Motion to Proceed IFP and then turns to the merits.

### A. Motion to Proceed IFP

This Court finds that Plaintiff is "unable to pay" the filing fee or "give security therefor." 28 U.S.C. § 1915(a)(1). While Plaintiff did not provide information regarding his prior employment, IFP Application, ECF 1 at 2, this Court finds that the remainder of Plaintiff's application demonstrates his lack of assets. Plaintiff's IFP application is therefore granted.

### B. Sua Sponte Dismissal

This Court now turns to the required screening. Plaintiff alleges Sixth and Fourteenth Amendment claims. Compl., ECF 2 at 3. Addressing each in turn, this Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted.[2] Alternatively, the relief that

---

[2] This Court also notes that the State of Oregon is immune from suit in federal court pursuant to Eleventh Amendment immunity. *Delong Corp. v. Or. State Hwy. Comm'n*, 343 F.2d 911, 912 (9th Cir. 1965). This Court construes Plaintiff's Complaint to be against an appropriate enforcement official.

Plaintiff requests is unavailable, both because this case is not removable and because this Court is required to abstain under *Younger v. Harris*, 401 U.S. 37 (1971).

### 1. Sixth Amendment Claims

Plaintiff brings claims for violations of his Sixth Amendment rights to a speedy trial, notice of the charges against him, confrontation of witnesses, compulsory process, and legal counsel. Compl., ECF 2 at 3.

#### a. Right to Counsel

The Sixth Amendment guarantees indigent defendants the fundamental right to "the aid of counsel in a criminal prosecution." *Gideon v. Wainwright*, 372 U.S. 335, 343 (1963) (citation omitted). This right attaches "at or after the time that judicial proceedings have been initiated against him whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Brewer v. Williams*, 430 U.S. 387, 398 (1977) (citation omitted). Once the right attaches, the defendant "is entitled to the presence of appointed counsel during any 'critical stage' of the postattachment proceedings" at minimum. *Rothgery v. Gillespie Cnty.*, 554 U.S. 191, 212 (2008). A stage is critical if the presence of counsel would alleviate the "potential substantial prejudice to defendant's rights [that] inheres in the particular confrontation." *United States v. Wade*, 388 U.S. 218, 227 (1967).

Plaintiff fails to allege an absence of counsel at critical stages. *See Betschart v. Garrett*, 700 F. Supp. 3d 965, 985–86 (D. Or. 2023). Plaintiff is not in custody and has not alleged that his release is subject to any conditions other than a requirement to appear. *See generally* Compl., ECF 2. Plaintiff has also had representation at every hearing he has attended. *Id.* at 10–11. Plaintiff therefore cannot state a claim for a denial of his right to counsel.

### b. Right to Speedy Trial

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."[3] Whether a defendant states a claim for a violation of this right depends on the court's balancing of four factors: the length of the delay, the reason for the delay, the time and manner in which the defendant has asserted his right during the criminal proceeding, and the degree of prejudice to the defendant in the criminal proceeding. *Barker v. Wingo*, 407 U.S. 514, 530–32 (1972). As to the first factor, "courts generally have found that delays approaching one year are presumptively prejudicial." *United States v. Myers*, 930 F.3d 1113, 1119 (9th Cir. 2019) (citation omitted). Plaintiff fails, however, to allege facts to satisfy the remaining factors.

As to the second factor, Plaintiff has not alleged a nefarious reason for the delay, such as a "deliberate attempt to delay the trial in order to hamper the defense." *Barker*, 407 U.S. at 531. The delay here seems to be caused, at least in part, by Plaintiff's repeated failure to appear. Regarding the third factor, Plaintiff has not alleged that he asserted this specific right at his state hearings, although he alleges that his attorney has moved for dismissal based on a violation of the Sixth Amendment generally. Compl., ECF 2 at 10. But Plaintiff's allegations that his court dates are "too frequent," *id.* at 8, "undermine[s]" his assertions of this right. *McNeely v. Blanas*, 336 F.3d 822, 831 (9th Cir. 2003). Finally, as to prejudice, Plaintiff is not in custody and his allegations suggest only minimal prejudice. Accordingly, Plaintiff fails to state a viable Sixth Amendment speedy-trial claim.

---

[3] To the extent Plaintiff's Complaint alleges an analogous state law claim, "Oregon law does not require an expeditious trial schedule" for released defendants. *Betschart*, 700 F. Supp. 3d at 986.

### c. Right to Confront Witnesses

The Confrontation Clause of the Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." The Confrontation Clause "provides two types of protections for a criminal defendant: the right physically to face those who testify against him, and the right to conduct cross-examination." *Coy v. Iowa*, 487 U.S. 1012, 1017 (1988) (citation omitted). "[T]he Confrontation Clause is primarily a trial right." *Peterson v. California*, 604 F.3d 1166, 1170 (9th Cir. 2010).

Plaintiff fails to state a claim for any violation of the Confrontation Clause. Plaintiff alleges that he has not yet been tried, and thus no right has been infringed. The crux of Plaintiff's Complaint appears to be that he has not received any evidence or information pertaining to his charges, but such allegations do not give rise to a Confrontation Clause violation.

### d. Compulsory Process

The Sixth Amendment guarantees a criminal defendant the right "to have compulsory process for obtaining witnesses in his favor." To state a claim for a violation of his compulsory process right, Plaintiff must plead: "(1) that [the government]'s alleged conduct amounts to 'substantial government interference' with a defense witness; (2) that [the government]'s conduct caused [a defense witness] not to testify; and (3) that [this witness]'s testimony would have been favorable and material." *Soo Park v. Thompson*, 851 F.3d 910, 919 (9th Cir. 2017). A similar right is protected by the Fourteenth Amendment's Due Process Clause, which likewise "guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986).

Plaintiff simply alleges his "[r]ight to compulsory process for obtaining witnesses" as one of the bases for federal jurisdiction. Compl., ECF 2 at 3. This conclusory allegation is insufficient. Plaintiff does not allege the existence of any favorable witness or government

PAGE 7 – OPINION & ORDER DISMISSING COMPLAINT

interference. To the extent he is seeking the government's evidence against him, Plaintiff is not entitled to such evidence before he has been formally charged.

### e. Right to Be Informed of Charges

"The Sixth Amendment guarantees a criminal defendant the fundamental right to be informed of the nature and cause of the charges made against him so as to permit adequate preparation of a defense." *Gautt v. Lewis*, 489 F.3d 993, 1002 (9th Cir. 2007). "To determine whether a defendant has received fair notice of the charges against him, the court looks first to the information. The principal purpose of the information is to provide the defendant with a description of the charges against him in sufficient detail to enable him to prepare his defense." *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994) (citations omitted).

Plaintiff fails to state a claim for any denial of this right. Plaintiff alleges that he has been "cited for two felony charges of unauthorized use of a motor vehicle and unlawful possession of a motor vehicle" but he is "left completely in the dark unaware of any specifics of the charges." Compl., ECF 2 at 6. This claim is premature. The right to notice primarily serves to ensure defendants are able to adequately prepare for trial by protecting them from being convicted on charges or theories they are unaware of beforehand. *See, e.g.*, *Gautt*, 489 F.3d at 1008 (finding a violation where the defendant was convicted of a different crime than he was charged with); *Sheppard v. Rees*, 909 F.2d 1234, 1237 (9th Cir. 1990) (finding notice inadequate when legal theory was first advanced after both sides had rested at trial). At this stage of the case, Plaintiff cannot allege that any lack of notice has inhibited his ability to prepare a defense at trial.

### 2. Fourteenth Amendment Claims

Plaintiff alleges violations of the Fourteenth Amendment Equal Protection and Due Process Clauses. Compl., ECF 2 at 9–10. He alleges that the government's failure to arraign or

indict him for two years violates his rights under both clauses. *Id.* He also alleges that he has not heard about a grand jury or been given the opportunity to testify in front of one. *Id.*

As to the lack of indictment and grand jury proceedings, there is no federally protected right to indictment by a grand jury in state criminal proceedings. *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972). Moreover, the Oregon Constitution permits the prosecution of a felony based on an information "if the defendant has received a preliminary hearing or has waived the right to an indictment or preliminary hearing." *State v. Kuznetsov*, 215 Or. App. 533, 539 (2007), *aff'd*, 345 Or. 479 (2008); *see* Or. Const. art. VII (Amended), § 5(3)–(5). Even if the government chose to empanel a grand jury for Plaintiff's criminal case, he would have no right to appear before it. *United States v. Fritz*, 852 F.2d 1175, 1178 (9th Cir. 1988).

Plaintiff's due process claims also fail. A procedural due process claim has three elements: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Armstrong v. Reynolds*, 22 F.4th 1058, 1066 (9th Cir. 2022) (citation omitted). Here, Plaintiff has failed to plead a procedural due process claim. Plaintiff is not in custody, *see generally* Compl., ECF 2, and so the liberty interest is limited compared to if he were to be detained pretrial. *Betschart v. Garrett*, 700 F. Supp. 3d 965, 987 (D. Or. 2023). He also does not sufficiently explain what added safeguards would protect his interest. Although he suggests that appointment of counsel would make it easier to communicate with the government, Compl., ECF 2 at 9, it is not clear what difference that would make at this stage of the case, before the government has formally commenced proceedings. To the extent Plaintiff alleges prejudicial delay, he has a procedural remedy in state court "by raising a motion to dismiss for lack of speedy trial." *Betschart*, 700 F. Supp. 3d at 987.

PAGE 9 – OPINION & ORDER DISMISSING COMPLAINT

As to substantive due process, Plaintiff has alleged only "the minimal restriction to reappear," which is not "the sort of 'fundamental' liberty deprivation at the heart of a [substantive] due process claim." *Id.* at 986. He thus fails to state a substantive due process claim.

Plaintiff fails to adequately allege an equal protection claim for similar reasons. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Plaintiff's allegation that he is an indigent, out-of-custody defendant that is deprived of counsel does not amount to the deprivation of a fundamental interest protected by the Equal Protection Clause. *See Betschart*, 700 F. Supp. 3d at 986–87.

### 3. Relief Requested

Plaintiff requests that this Court remove his state court action to federal court. Compl., ECF 2 at 12. Even if Plaintiff stated a claim, this Court is unable to provide such relief.

State criminal cases can only be removed to federal court in extremely limited circumstances. *See* 28 U.S.C. §§ 1442, 1442a, 1443. None of these circumstances arise here. Section 1442 applies to removal of certain cases by federal officers. Plaintiff has not alleged that he is a federal officer. Section 1442a applies to removal of certain cases by members of the United States armed forces. Plaintiff has not alleged that he is a member of the armed forces.

As to removal under § 1443(1), Plaintiff must satisfy two criteria:

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Bad experiences with the particular court in question will not suffice.

*California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (citations omitted). Plaintiff has not identified any state law or constitutional provision that commands the state court to ignore his federal rights. Moreover, the rights that Plaintiff asserts are not statutory, but instead spring from the Sixth and Fourteenth Amendments. "Such rights are not within the coverage of section 1443." *Id.*

For these reasons, and those discussed below regarding *Younger* abstention, removal is not permitted by law.

### a. Younger Abstention

Plaintiff also requests that this Court dismiss the pending state criminal proceedings against him. Compl., ECF 2 at 12. This Court finds that Plaintiff's claims are barred by *Younger v. Harris*, 401 U.S. 37 (1971).

"[F]ederal courts should almost never enjoin state criminal proceedings." *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) (en banc). Three factors must be met to justify *Younger* abstention. The state proceeding "must be (1) 'ongoing,' (2) 'implicate important state interests,' and (3) provide 'an adequate opportunity . . . to raise constitutional challenges.'" *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982)). The Ninth Circuit explicitly imposes an additional requirement implicit in *Middlesex*: Even if all requirements are met, a district court may only abstain under *Younger* if adjudication of "the federal action would have the practical effect of enjoining the state proceedings." *Id.*

Each of the *Younger* requirements is met in this case. First, Plaintiff's state criminal proceeding is ongoing. *See generally* Compl., ECF 2. Second, the state criminal proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the

most powerful of the considerations that should influence a court considering equitable types of relief."). Third, the state proceedings provide Plaintiff an adequate opportunity to raise his claims, including trial and state appellate review. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (holding that federal courts should assume that state procedures will afford adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"). Fourth, dismissing Plaintiff's criminal charges would have the practical effect of enjoining the state proceedings.

Furthermore, Plaintiff has not clearly alleged any basis for applying any of the exceptions to *Younger* abstention. He has not alleged facts showing "harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction" or any other "extraordinary circumstances" here. *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

Accordingly, abstention under *Younger* is proper with respect to Plaintiff's claims for equitable relief pertaining to his state court proceeding. Plaintiff's Complaint is dismissed without leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (holding denial of leave to amend is appropriate where amendment would be futile).

## CONCLUSION

Plaintiff's Application for Leave to Proceed IFP, ECF 1, is GRANTED. Plaintiff's *in forma pauperis* status is revoked, however, because an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Plaintiff's Complaint, ECF 2, is DIMISSED without leave to amend.

**IT IS SO ORDERED.**

DATED this 25th day of March, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge